949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Loetta L. CATHEY, Plaintiff/Appellee/Cross-Appellant,
v.
WESTERN FARM BUREAU LIFE INSURANCE COMPANY,
Defendant/Appellant/Cross-Appellee.
 Nos. 90-7068, 91-7004 and 91-7019.
 United States Court of Appeals, Tenth Circuit.
 Nov. 27, 1991.
 
 Before JOHN P. MOORE, and TACHA, Circuit Judges, and KANE, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Appellant Western Farm Bureau Life Insurance Company ("Western") appeals from a jury verdict on claims for breach of contract and breach of the duty of good faith and fair dealing, and for punitive damages. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 Western makes seven arguments on appeal: (1) the district court wrongfully denied Western's directed verdict motion on the claim for breach of the duty of good faith and fair dealing; (2) Western's motion for directed verdict on the punitive damages claim was erroneously denied; (3) the district court erroneously allowed the punitive damages issue to be submitted to the jury without limitation to the actual damages awarded; (4) the district court erred in qualifying the plaintiff's witness as an expert; (5) the punitive damage award violates constitutional safeguards guaranteed to Western by the United States Constitution and the Constitution of the State of Oklahoma; (6) the district court erred in granting prejudgment interest to the plaintiff based on her tort action for breach of the duty of good faith and fair dealing; and (7) the district court erred in enhancing the plaintiff's attorney fee award.
 
 
 3
 Loetta Cathey brings a cross-appeal, and argues that the district court erred in computing the award of attorneys' fees based on an hourly rate of $100, when expert testimony showed that Cathey's attorneys were entitled to an hourly rate of $150.
 
 
 4
 After reviewing the record, we affirm the district court in all respects, including the district court's order of December 19, 1990, granting attorneys' fees and prejudgment interest.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable John L. Kane, Jr., United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3